MARTIN V STATE OF TEXAS



NO. 07-01-0464-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 14, 2001


______________________________



MICHAEL LEE MARTIN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 12,875-B; HON. JOHN BOARD, PRESIDING


_______________________________


 

ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Pending before this Court is the motion of Mr. Rick Keffler to withdraw as attorney
of record on appeal. In his motion, he requests that he be relieved from any responsibility
on this appeal because he has "not been paid any part of his fee to handle this appeal and
furthermore has not been paid the anticipated costs of pursuing this appeal." 

 Accordingly, we now abate this appeal and remand the cause to the 181st District
Court (trial court) of Randall County. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following: 

 1. whether appellant desires to prosecute his appeal; and 

 2. whether appellant is indigent and entitled to the appointment of counsel. 

The trial court shall cause the hearing to be transcribed. Should it be determined
appellant is indigent and entitled to appointed counsel, the trial court shall appoint counsel
of its choice to prosecute this appeal. Furthermore, the trial court shall issue pertinent
findings of fact and conclusions of law addressing 1) appellant's status as an indigent, if
any, and 2) his entitlement to appointed counsel, if any. Should counsel be appointed by
the court, the latter's findings of fact and conclusions of law shall also contain the name,
state bar number, address, phone number, and telefax number of the newly appointed
counsel. The trial court shall cause its findings of fact and conclusions of law to be
included in a supplemental clerk's record. The trial court shall also cause the supplement
clerk's record and transcription of the hearing to be filed with the Clerk of this Court by
Monday, January 14, 2002. Should further time be needed by the trial court to perform
these tasks, then same must be requested before January 14, 2002. The motion of Mr.
Keffler to withdraw will be held in abeyance until this court receives the supplemental
clerk's record and transcription.

 It is so ordered. 

 Per Curiam 

 

Do Not Publish. 



 the parties may desire the
case, not simply the appeal, to be dismissed. If that is the parties' desire, this court may
render judgment vacating the trial court's judgment and dismissing the case, on the filing
of an agreement meeting the requirements of Rule 42.1(a)(2)(A). See Tex. R. App. P.
43.2(e). For these reasons, we overrule appellants' motion to dismiss without prejudice
to refiling a motion in conformity with the Rules of Appellate Procedure.

 

 Per Curiam